Prob. viol Memo(2/04)

## UNITED STATES DISTRICT COURT
## PROBATION OFFICE
### DISTRICT OF ARIZONA

# MEMORANDUM

04-1786 CBS

DATE:    June 8, 2004

FROM:    Adria Santa Anna
U.S. Probation Officer

RE:    EDWARD E. HARDY
Docket No. 98CR00221-001-TUC-JMR
PROBATION VIOLATION REPORT
REQUEST FOR A WARRANT

TO:    The Honorable John M. Roll
U.S. District Judge

## VIOLATIONS

Attached is a petition requesting a bench warrant for violations of his term of probation. The petition alleges Hardy solicited a prostitute, failed to answer truthfully inquiries by the probation officer, failed to notify the probation officer of police questioning, failed to participate in sex offender treatment and failed to submit itineraries or mileage logs as directed by the probation officer.

A.    Violation of standard condition 1: "You shall not commit another federal, state, or local crime during the term of supervision."

Sometime in or near January 2004 and twice on or about April 19 through April 28, 2004, Hardy solicited a prostitute. This is in violation of Massachusetts General Law, Chapter 272, Section 53(A), sexual conduct for pay. The penalty is up to one year. This is a Class C violation - §7B1.1(a)(3)(B).

B.    Violation of standard condition 4: "You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."

On May 22, 2004, Hardy lied to the probation officer. On May 22, 2004, Hardy advised the probation officer he had phoned two Dunkin Donuts employees on three occasions requesting they come over to his home. On May 24, 2004, the females involved advised the probation officer Hardy had called them on more than three occasions. This is a Class C violation- §7B1.1(a)(3)(B).

C.    Violation of standard condition 12: "You shall immediately notify the probation officer (within forty-eight (48) hours if during a weekend or on a holiday) of being arrested or questioned by a law enforcement officer."

On May 19, 2004, Randolph, Massachusetts Police contacted Hardy asking about harassing phone calls to two Dunkin Donuts employees and warning him to cease these calls. Hardy failed to notify the probation officer of the questioning. This is a Grade C violation - §7B1.1(a)(3)(B).

Page 2
U.S.A. v. Edward E. Hardy
Docket No. 98CR00221-001-TUC-JMR
June 7, 2004

D.    Violation of special condition 5: "You shall participate in sex offender treatment as directed by the probation officer and submit to risk assessment including physiological testing which may include, but is not limited to, polygraph, plethysmograph, and/or ABEL assessment. You shall contribute to the cost of treatment in an amount to be determined by the probation officer."

On or about April 2004, Hardy failed to disclose information necessary and fundamental to his participation in treatment. Hardy failed to disclose to his sex offender treatment group, harassing phone calls made to female employees at a local Dunkin Donuts, his wife going away for the week which Hardy used to have sex with a prostitute and that he has voluntarily stopped taking medication intended to reduce his impulsive sexual thoughts and acting out. This is a Grade C violation - §7B1.1(a)(3)(B).

E.    Violation of special condition 18: "You shall not operate a motor vehicle without permission of the probation officer. You may be required to have another adult in the vehicle, submit itineraries or mileage logs as directed by the probation officer."

On May 13, 2004, the probation officer instructed Hardy to record all stops on his mileage form. On May 17, 2004, Hardy failed to document a stop at Dunkin Donuts. This is a Grade C violation - §7B1.1(a)(3)(B).

## RANGE OF IMPRISONMENT APPLICABLE UPON REVOCATION

A Grade C violation combined with a Criminal History Category II results in a revocation range of 4 to 10 months imprisonment. §7B1.4(a). Provisions of Chapter Seven, including the revocation range, are policy statements intended to provide guidance and are not binding on the court. §7A1.

If the court provides sufficient reasons, the court has the authority to sentence outside the range recommended by the Chapter 7 policy statements and sentence the defendant to a term of imprisonment not to exceed the statutory maximum of ten years, so long as the court has also considered the original sentencing guideline range ( 12 to 18 months) and the revocation policy statement range ( 4 to 10 months.) However, a sentence above both the original sentencing guideline range applicable to the underlying offense and the policy statement's revocation range would require the court to make a finding that there are circumstances warranting such a departure.

## SENTENCING OPTIONS

Upon a finding of a Grade C violation, the court may revoke probation and/or modify the conditions of supervision §7B1.3(a)(2).

In the case of a Grade B or C violation where the minimum term of imprisonment determined under §7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e) for any portion of the minimum term. §7B1.3(c)(1).
In the case of a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement or home detention, use of the same or a less

Page 3
U.S.A. v. Edward E. Hardy
Docket No. 98CR00221-001-TUC-JMR
June 7, 2004

restrictive sanction is not recommended. §7B1.3(c)(3).

Revocation of probation is generally the appropriate disposition in the case of a Grade C violation by a defendant who, having been continued on supervision after a finding of violation, again violates the conditions of his supervision. §7B1.3, comment (n.1).

Where probation is revoked and a term of imprisonment is imposed, the provision of §5D1.1-1.3 shall apply to the imposition of a term of supervised release. §7B1.3(g)(1).

## RELEVANT FACTORS FOR IMPOSITION OF STATUTORY MAXIMUM SENTENCE

The following case-specific factors have been identified as potentially relevant in determining the level of trust violated, the extent of any potential departure from the policy statement range and the appropriateness of a sentence beyond the revocation range, including the statutory maximum:

An upward departure may be warranted when a defendant, subsequent to the federal sentence resulting in supervision, has been sentenced for an offense that is not the basis of the violation proceeding. §7B1.4, comment (n.2).

Where the original sentence was the result of a downward departure (e.g., as a reward for substantial assistance), an upward departure may be warranted. §7B1.4, comment (n.4). The defendant was sentenced to 36 months probation, a downward departure from the original guideline range of 12 to 18 months custody.

The Court may also wish to consider a prior felony conviction for attempted molestation which was not included when calculating his criminal history category.

While the probation officer has identified factors relevant to sentencing outside the revocation policy range, this does not mandate such recommendation, nor does it preclude the court or counsel from considering additional factors at the dispositional hearing.

## OFFICIAL DETENTION/UNSERVED SANCTION ADJUSTMENT

Any outstanding restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under §7B1.4. §7B1.3(d). In this case the defendant has an outstanding restitution balance of $ 202.20 that shall be ordered to be paid in addition to the revocation sentence.

Any unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. §7B1.3(e). In this case the court imposed a 180-day period of home confinement with electronic monitoring. As of June 2, 2004, the defendant has a balance of 131 days to satisfy this obligation.

P_Prob12 frm
(Rev 10/00)

# UNITED STATES DISTRICT COURT
for
DISTRICT OF ARIZONA

United States  v   Edward Everett Hardy

Docket No. 98CR00221-001-TUC-JMR

(CRP)

## Petition on Probation

**COMES NOW PROBATION OFFICER** Adria Santa Anna presenting an official report on Edward Everett Hardy who was placed on probation on October 6, 2000, by the Honorable John M. Roll presiding in the District Court of Arizona. A 36-month period of probation was imposed

On January 23, 2003, Hardy's probation was reinstated and extended by 43 months after a revocation hearing was held. On March 16, 2004, Hardy's probation was again continued under the previously imposed order. In addition to the general terms and conditions adopted by the court in General Order 99-9, the offender was ordered to comply with the following special conditions:

1. You shall provide the probation officer access to any requested financial information.

2. You shall participate in a home confinement program with electronic monitoring for a period of 180 days. You shall contribute to the cost of the program in an amount to be determined by the probation officer.

3. You shall participate as instructed by the probation officer in a program of substance abuse treatment which may include testing for substance abuse. You shall contribute to the cost of treatment in an amount to be determined by the probation officer.

4. You shall abstain from the possession or use of alcohol. You shall submit to breathalyzer testing as directed by the probation officer. You shall not frequent an establishment where the primary purpose is to serve alcohol.

5. You shall participate in sex offender treatment as directed by the probation officer and submit to risk assessment including physiological testing which may include, but is not limited to, polygraph, plethysmograph, and/or ABEL assessment. You shall contribute to the cost of treatment in an amount to be determined by the probation officer.

6. You shall undergo a full disclosure/sexual history polygraph exam and undergo bi-annual maintenance exams to monitor your compliance with supervision. You shall contribute to the cost of treatment in an amount to be determined by the probation officer.

7. You shall sign all necessary releases of information so treatment providers, probation officers, polygraph examiners and others (as necessary) can communicate openly about your treatment programs.

8.    You shall register with the state sex offender agency in any state where you reside, are employed, carry on a vocation, or are a student, as directed by the probation officer.

9.    You shall reside in a residence approved, in advance, by the probation officer. Any changes in the residence must be pre-approved, in advance, by the probation officer.

10.   You shall disclose, or authorize the probation officer to disclose (as deemed appropriate), your sex offending history to any employer or volunteer agency, as directed by the probation officer.

11    You shall not possess any form of pornography, sexually stimulating, or sexually oriented material as deemed inappropriate by the probation officer and/or treatment staff. You shall not enter any location where pornography or erotica can be accessed, obtained, or viewed.

12.   You shall not utilize any sex-related adult telephone numbers. The probation officer will verify compliance through submission of personal/business telephone records.

13.   You shall not initiate a relationship with any juvenile, including contacts via the postal service or internet

14.   You shall have no unsupervised contact, direct or indirect, with any person under the age of 18. Any supervised contact must be approved in advance, by the probation officer, under terms set by the probation officer.

15.   You shall not publicly display any materials at your home that may be viewed as lures for children.

16.   You shall not hire a minor child to perform household chores.

17.   You shall not attend recreational, leisure, sporting or other activities where children are present or where their supervision is deemed inadequate (pools, playgrounds, arcades, malls, etc ) as directed by the probation officer.

18    You shall not operate a motor vehicle without permission of the probation officer. You may be required to have another adult in the vehicle, submit itineraries or mileage logs as directed by the probation officer.

19    You shall not hitchhike or pick up hitchhikers, nor shall you stop to assist disabled vehicles.

20    You shall not contact your previous sex offense victims, nor the victims' families without prior permission from the probation officer, and the probation officer will verify compliance.

21.   You shall participate in a Home Confinement Program with electronic monitoring for a period of 180 days. You shall contribute to the cost of electronic monitoring in an amount to be determined by the probation officer  (Added March 16, 2004)

Hardy pleaded guilty to abusive sexual contact, a Class C felony.

U.S.A. v. Edward Everett HARDY
Docket No. 98CR00221-001-TUC-JMR
June 7, 2004

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

A.    Violation of standard condition 1: "You shall not commit another federal, state, or local crime during the term of supervision."

Sometime in or near January 2004 and twice on or about April 19 through April 28, 2004, Hardy solicited a prostitute. This is in violation of Massachusetts General Law, Chapter 272, Section 53(A), sexual conduct for pay. The penalty is up to one year.

B.    Violation of standard condition 4: "You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."

On May 22, 2004, Hardy lied to the probation officer. On May 22, 2004, Hardy advised the probation officer he had phoned two Dunkin Donuts employees on three occasions requesting they come over to his home. On May 24, 2004, the females involved advised the probation officer Hardy had called them on more than three occasions. This is a Class C violation- §7B1.1(a)(3)(B).

C.    Violation of standard condition 12: "You shall immediately notify the probation officer (within forty-eight (48) hours if during a weekend or on a holiday) of being arrested or questioned by a law enforcement officer."

On May 19, 2004, Randolph, Massachusetts Police contacted Hardy asking about harassing phone calls to two Dunkin Donuts employees and warning him to cease these calls. Hardy failed to notify the probation officer of the questioning. This is a Grade C violation - §7B1.1(a)(3)(B).

D.    Violation of special condition 5: "You shall participate in sex offender treatment as directed by the probation officer and submit to risk assessment including physiological testing which may include, but is not limited to, polygraph, plethysmograph, and/or ABEL assessment. You shall contribute to the cost of treatment in an amount to be determined by the probation officer."

On or about April 2004, Hardy failed to disclose information necessary and fundamental to his participation in treatment. Hardy failed to disclose to his sex offender treatment group, harassing phone calls made to female employees at a local Dunkin Donuts, his wife going away for the week which Hardy used to have sex with a prostitute and that he has voluntarily stopped taking medication intended to reduce his impulsive sexual thoughts and acting out. This is a Grade C violation - §7B1 1(a)(3)(B).

E.    Violation of special condition 18: "You shall not operate a motor vehicle without permission of the probation officer. You may be required to have another adult in the vehicle, submit itineraries or mileage logs as directed by the probation officer."

On May 13, 2004, the probation officer instructed Hardy to record all stops on his mileage form. On May 17, 2004, Hardy failed to document a stop at Dunkin Donuts. This is a Grade C violation - §7B1.1(a)(3)(B).

PRAYING THAT THE COURT WILL ORDER A WARRANT BE ISSUED.

Defendant's Last Known Address:

40 Royal Street
Randolph, Massachusetts 02368
(781) 961-3828

Defense Attorney:

Richard Bacall (Retained)
10 E. Broadway, Suite 406
Tucson, AZ 85701
(520) 740-1213

## ORDER OF COURT

Considered and ordered this ___7___ day of
_____, 2004
and ordered filed and made a part of the records in
the above case.

_____
The Honorable John M. Roll
U S District Judge

Respectfully,

_____ 6/8/14
Probation Officer/Date

_____ 6/8/04
Supervising Probation Officer/Date

_____
Assistant U.S. Attorney/Date

# Fax Transmission

**Probation Office**
408 Atlantic Avenue, Room 434
Boston, MA 02110
Fax: (617) 748-4260

**To:**        The Honorable Charles B. Swartwood

**Date:**        June 22, 2004

**Fax#:**        617-748-9096                    **Pages:** 10, including this cover sheet.

**From:**        Jeffrey R. Smith

**Subject:**        Edward Hardy

COMMENTS:

Attached please find the petition for warrant submitted in the District of Arizona, Mr. Hardy was arrested by the U.S. Marshals earlier this morning. Please contact me with any questions (617) 748-9199

*Attention   Lisa   Roland*

*Boston   Chambers*